UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SAMUEL JEROME LEWIS,

    Plaintiff,

v.                                                   Case No. 3:25cv2084-LC-HTC

BLACKWATER RIVER
CORRECTIONAL REHABILITATION
FACILITY, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

Plaintiff Samuel Jerome Lewis, proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint under 42 U.S.C. § 1983, alleging claims about conditions of confinement and deliberate indifference to medical needs. Doc. 1. Upon review, the undersigned finds the case should be DISMISSED WITHOUT PREJUDICE because Lewis failed to truthfully disclose his litigation history on the complaint form.

This Court's Local Rules require prisoners and *pro se* litigants to use the Court's complaint form when filing a civil rights complaint. *See* N.D. Fla. Loc. R. 5.7(A). Section VIII of the Court's approved complaint form requires plaintiffs to

disclose their prior litigation history.[1]  The complaint form warns plaintiffs that "failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case." Doc. 1 at 14.  Moreover, the complaint form advises plaintiffs to "err on the side of caution" if they are uncertain about whether a case should be identified.  *Id.*

Question VIII.A asks Lewis to identify "any case in federal court, including federal appellate court" that was "dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?"  *Id.* at 15.  Lewis identifies one case in response to Question VIII.A:  2:24-cv-816-SPC-KCD, filed in the Middle District of Florida.

Based upon an independent review, the undersigned takes judicial notice that while in pretrial custody (for charges that ultimately lead to his current incarceration), Lewis also filed a case in the Middle District of Florida against the Public Defender's Office, the State Attorney, the Florida Attorney General, and the Florida Governor, complaining about a data breach that occurred at the Public Defender's Office.  *See Lewis v. Smith et al.*, 2:22-cv-00127-JLB-MRM, Docs. 8, 9

---

[1] The questions in this section serve several purposes, including assisting the Court in identifying cases that qualify as strikes under 28 U.S.C. § 1915(g), cases that are related or duplicative, and in gauging a plaintiff's litigation experience.  *See Jacobs v. Comerford*, 2013 WL 6184052 at * 4 (N.D. Fla. Nov. 25, 2013).

Case No. 3:25cv2084-LC-HTC

(M.D. Fla. July 5, 2022). Lewis did not disclose this case in response to Question VIII.A, even though it was dismissed prior to service for lack of standing.[2] *See id.*

The Court has the inherent power to dismiss based on a failure to disclose even a single case. *See McNair v. Johnson*, 143 F.4th 1301 (11th Cir. 2025) (recognizing court's inherent authority to dismiss an action for failure to truthfully disclose litigation history when requested to do so on complaint form). It also has the inherent power to dismiss based on a failure to comply with orders of the Court, this Court's local rules, or for abusing the judicial process. *Id.* at 1308; *see also* N.D. Fla. Loc. R. 41.1 ("If a party fails to comply with an applicable rule or a court order, the Court may strike a pleading, dismiss a claim, enter a default on a claim, take other appropriate action, or issue an order to show cause why any of these actions should not be taken.").

Thus, an appropriate sanction for Lewis's failure to provide the Court with true factual responses is to dismiss this case without prejudice. *See Bratton v. Sec'y*

---

[2] It appears Lewis also failed to identify cases he filed in the District of South Carolina and Fourth Circuit Court of Appeals relating to his convictions and confinement for criminal matters arising in that District in response to Question VIII.C, which asks Lewis to identify "any other lawsuit, habeas corpus petition, or appeal in state or federal court challenging [his] conviction or relating to the conditions of [his] confinement." *See United States v. Lewis*, 2008-cr-4303 (4th Cir. 2008) (relating to an appeal of a conviction in *United States v. Lewis*, 8:07-cr-954-DCC (D.S.C. Mar. 5, 2008)). The undersigned confirmed the defendant in 8:07-cr-954-DCC is the same as the plaintiff here because in prosecuting Lewis for the charges for which he is currently serving a sentence, the State Attorney's Office sent a letter to the District of South Carolina requesting certified copies of the indictment and final judgment for use in the State of Florida's prosecution of Lewis. *See* Doc. 96, 8:07-cr-954-DCC. The defendant in 8:07-cr-954-DCC also has the same date of birth as Lewis. And Lewis's pretrial release in South Carolina was transferred to the Middle District of Florida, which explains his presence in Florida. *See id.* at Doc. 94.

*DOC*, 2012 WL 2913171, at *1 (M.D. Fla. July 16, 2012) (dismissing case without prejudice when prisoner failed to disclose one prior federal case that was dismissed under 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, No. 5:08cv300/RS/EMT, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) (same); *see also Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence."). "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, No. 4:19cv191-RH-HTC, Doc. 52 (N.D. Fla. June 7, 2020). Because this is a dismissal without prejudice, Lewis may initiate a new suit on these claims, provided he does so within the statute of limitations period.

Accordingly, it is RECOMMENDED that:

1. This case be DISMISSED WITHOUT PREJUDICE under this Court's inherent power for Lewis's failure to fully disclose his litigation history.

2. The clerk be directed to close the file.

At Pensacola, Florida, this 12th day of November, 2025.

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636.